**MAYALL HURLEY**
**A Professional Corporation**
**2453 Grand Canal Boulevard**
**Stockton, California 95207**
**Telephone: (209) 477-3833**
**Facsimile: (209) 473-4818**
**NICHOLAS F. SCARDIGLI**
**CA State Bar No. 249947**

**Attorneys for Plaintiff FRED RODRIGUEZ**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED RODRIGUEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>DOLLAR TREE DISTRIBUTION, INC.; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR**<br><br>1. **RETALIATION - LABOR CODE § 1102.5**<br>2. **RETALIATION - LABOR CODE § 6310**<br>3. **RETALIATION - FEHA**<br>4. **FAILURE TO PREVENT RETALIATION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Fred Rodriguez ("Rodriguez") brings this action against Dollar Tree Distribution, Inc. ("Dollar Tree"); and Does 1-10, inclusive as referred to herein, for compensatory damages, punitive damages, penalties, interest, costs, and attorneys' fees resulting from the defendants' unlawful and tortious conduct. As grounds Rodriguez therefore alleges:

## **PARTIES**

1. Rodriguez is and/or was at all times relevant herein an individual; a resident of San Joaquin County, California; employed in San Joaquin County, California; and an "employee" as defined by Gov. Code § 12926(c).

2. Dollar Tree is and was at all times relevant herein a Virginia corporation and an "employer" as defined by Gov. Code §§ 12926(d) and 12940(j)(4)(A).

3. Dollar Tree and Does 1-10 are referred to collectively herein as "Defendants."

4. Rodriguez is not aware of the true names and capacities of the defendants sued herein as Does 1-10, whether individual, corporate, associate, or otherwise, and, therefore, sues such defendants by these fictitious names. Rodriguez will amend this complaint to allege their true names and capacities when ascertained. Rodriguez is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that the injuries and damages herein alleged were legally caused by such defendants. Unless otherwise indicated, each defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-defendant.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in the United States District Court for the Eastern District of California under 28 U.S.C. § 1391(b) because the events and omissions giving rise to each of the claims set forth in this Complaint occurred in this District.

## JURY TRIAL DEMAND

7. Rodriguez hereby demands a jury trial.

## GENERAL ALLEGATIONS

8. Rodriguez was employed by Dollar Tree in Stockton, California from February 7, 2000, until his unlawful, retaliatory termination on July 22, 2020.

9. Throughout the last few years of his employment with Dollar Tree, Rodriguez repeatedly complained to Dollar Tree's senior management of unsafe working conditions, which he reasonably believe to constitute violations of law, including, for instance, California Occupational Safety and Health regulations.

10. Rodriguez complained to Dollar Tree managing agent, such as Diana Reyes ("Reyes") in Dollar Tree's human resources department.

11. Dollar Tree's senior management was upset with Rodriguez's complaints, which the management knew to be legitimate.

12. However, Dollar Tree did not want to spend resources or interfere with its multi-billion-dollar yearly revenues by properly addressing the issues raised in Rodriguez's complaints.

13. On March 4, 2020, a co-worker at Dollar Tree ran over Rodriguez's foot and broke his toe, causing a medical condition that limited major life functions and that was known to Dollar Tree.

14. Due to the injury, Rodriguez requested and utilized protected medical leave and reasonable accommodation.

15. In retaliation for Rodriguez's repeated complaints of unsafe working conditions and violations of law, as well as his request and use of protected medical leave and reasonable accommodation, Dollar Tree suspended Rodriguez and issued him a "final" write-up threatening to terminate his employment.

16. Rodriguez refused to sign the write-up and sent an email to Dollar Tree's corporate office to dispute it.

17. Rodrigues did so to oppose Dollar Tree's unlawful retaliation.

18. Dollar Tree also used Covid-19 as a pretext to retaliate against Rodriguez, refusing to allow him to return to work despite his negative test results.

19. After Rodriguez informed Dollar Tree that he would be returning to work, Dollar Tree terminated his employment on July 22, 2020.

20. Dollar Tree terminated Rodriguez's employment in retaliation for his repeated complaints of unsafe working conditions and violations of law and for requesting and utilizing protected medical leave and reasonable accommodation.

21. Aware of the retaliation through its senior management, Dollar Tree did not take all reasonable steps necessary to prevent the unlawful retaliation.

22. On September 2, 2021, Rodriguez filed a complaint with the Department of Fair Employment & Housing ("DFEH") against Dollar Tree based on the unlawful conduct described above. That same day, the DFEH issued Rodriguez a right-to-sue notice, which he served on Dollar Tree by certified mail.

/ / /

Complaint for Damages
Page 3 of 7

## FIRST CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 1102.5
### (Retaliation)
### Against Defendants

23. Rodriguez hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

24. Labor Code § 1102.5(b) prohibits an employer, or any other person acting on behalf of the employer, from retaliating against any employee because the employee disclosed information to the employer or government or law enforcement agency that the employee has reasonable cause to believe discloses a violation of law or for refusing to participate in an activity that would result in a violation of law.

25. As set forth above, Defendants retaliated against Rodriguez in violation of Labor Code § 1102.5.

26. As a result, Rodriguez has been injured.

27. Defendants' actions towards Rodriguez were committed or ratified by Defendants and their managing agents in an oppressive, fraudulent, and malicious manner in order to injure or damage Rodriguez, thereby justifying an award of punitive damages.

28. Wherefore, Rodriguez seeks relief as set forth below.

## SECOND CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 6310
### (Retaliation)
### Against Defendants

29. Rodriguez hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

30. Labor Code § 6310 prohibits an employer from retaliating against an employee for making an oral or written complaint to the employer or employer's representative of unsafe working conditions or practices.

31. As set forth above, Defendants retaliated against Rodriguez in violation of Labor Code § 6310.

32. As a result, Rodriguez has been injured.

33. Defendants' actions towards Rodriguez were committed or ratified by Defendants and their managing agents in an oppressive, fraudulent, and malicious manner in order to injure or damage Rodriguez, thereby justifying an award of punitive damages.

34. Wherefore, Rodriguez seeks relief as set forth below.

### THIRD CAUSE OF ACTION
### VIOLATION OF GOV. CODE §§ 12940(m)(2) and 12945.2(l)
### (Retaliation)
### Against Defendants

35. Rodriguez hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

36. The California Fair Employment and Housing Act ("FEHA") prohibits an employer from retaliating against an employee for complaining of or opposing practices forbidden under FEHA or for exercising rights under CFRA. Gov. Code §§ 12940(h) and 12945.2(l).

37. Nevertheless, as set forth above, Defendants retaliated against Rodriguez in violation of Gov. Code §§ 12940(m)(2) and 12945.2(l).

38. As a result, Rodriguez has been injured.

39. Defendants' actions towards Rodriguez were committed or ratified by Defendants and their managing agents in an oppressive, fraudulent, and malicious manner in order to injure or damage Rodriguez, thereby justifying an award of punitive damages.

40. Wherefore, Rodriguez seeks damages as set forth below.

### FOURTH CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE § 12940(k)
### (Failure to Prevent Retaliation)
### Against Defendants

41. Rodriguez hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

42. FEHA requires an employer to take all reasonable steps necessary to prevent retaliation from occurring. Gov. Code § 12940(k).

43. As set forth above, Defendants failed to prevent retaliation against Rodriguez.

44. As a result, Rodriguez has been injured.

45.     Defendants' actions towards Rodriguez were committed or ratified by Defendants and their managing agents in an oppressive, fraudulent, and malicious manner in order to injure or damage Rodriguez, thereby justifying an award of punitive damages.

46.     Wherefore, Rodriguez seeks damages as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, the following relief is sought:

**As to the First Cause of Action:**

1. For compensatory, special, and general damages;
2. For punitive and/or exemplary damages;
3. For a civil penalty pursuant to Labor Code § 1102.5(f);
4. For attorneys' fees and costs including but not limited to those available under Labor Code § 1021.5(j);
5. For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law including but not limited to that available under Civil Code §§ 3287(a) and 3289(b); and
6. For such other and further relief as the court deems proper.

**As to the Second Cause of Action:**

1. For compensatory, special, and general damages;
2. For punitive and/or exemplary damages;
3. For reinstatement pursuant to Labor Code § 6310(b);
4. For attorneys' fees and costs including but not limited to those available under Code of Civil Procedure § 1021.5;
5. For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law including but not limited to that available under Civil Code §§ 3287(a) and 3289(b); and
6. For all other and further relief as the court deems just and proper.

**As to the Third and Fourth Causes of Action:**

1. For compensatory, special, and general damages;

2. For injunctive and declaratory relief pursuant to Gov. Code § 12965, including, but not limited to, a cease-and-desist order requiring Defendants to halt their retaliatory practices; an order requiring Defendants to conduct training for all its employees, supervisors, and management on the requirements of the FEHA; and an order requiring Defendants to develop and promulgate an effective policy for preventing retaliation;

3. For punitive and/or exemplary damages;

4. For statutory attorneys' fees and costs including those available under Gov. Code § 12965(b);

5. For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law including but not limited to that available under Civil Code §§ 3287(a) and 3289(b); and

6. For such other and further relief as the court deems proper.

**DATED:** September 23, 2021                **MAYALL HURLEY P.C.**

By _____
NICHOLAS F. SCARDIGLI
Attorneys for Plaintiff
FRED RODRIGUEZ